UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:09 CR 285 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| RASHAWN HARPER, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the within case between Plaintiff United States of America ("Plaintiff" or "Government") and Defendant Rashawn Harper ("Defendant" or "Harper"), is Defendant's Motion to Strike Prior Conviction (ECF No. 18). For the following reasons, the court denies the Motion.

## I. FACTS AND PROCEDURAL HISTORY

Defendant was indicted pursuant to 18 U.S.C. § 922(g)(1), which makes it illegal for someone convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. The Indictment lists Cuyahoga County Case Number CR-04-459716 as a predicate offense for conviction of a crime exceeding a term of imprisonment of one year. (Indictment, ECF No. 1, at pp. 1-2)

Defendant's conviction in CR-04-459716 was for four counts of Aggravated Robbery. He was "sentenced to four years, to run concurrently with each other." (Pre-Sentence Investigation

Report, ¶ 10.) He was released from jail on November 17, 2008. (*Id*.) His postrelease control was terminated on November 17, 2009, one year after Defendant's release from jail, pursuant to the Ohio Supreme Court decision *State v. Barnes*, 909 N.E.2d 1254 (Ohio 2009). (*Id*.)

## II. LAW AND ANALYSIS

### A. The Effect of a Sentencing Error on the Underlying Conviction

The question before the court is whether the fact that a sentence for a prior conviction contained an error that could not be remedied because Defendant had already served his time can preclude the use of that prior conviction as a predicate offense.

The *Barnes* decision held that where a sentencing court fails to properly sentence a defendant with respect to postrelease control and that defendant has completed his term of imprisonment, then the court loses jurisdiction to re-sentence him, and the parole board's imposition of postrelease control cannot be enforced. *Barnes*, 909 N.E.2d at 1270. The Ohio Supreme Court discharged Barnes.

Defendant argues that *Barnes* makes his conviction void, and therefore the prior conviction cannot serve as a predicate conviction set forth in the present Indictment. In support of this argument, Defendant relies on *State v. Simpkins*, 884 N.E. 2d 568, 575 (Ohio 2008), which determined that "a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void, [so] it must be vacated. The effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence." Defendant argues that because Defendant's state conviction failed to properly sentence him to postrelease control, his conviction was rendered void. As a result, Defendant further argues

- 2 -

that his state-court conviction cannot serve as a predicate conviction for the § 922(g)(1) in the Indictment.

In response, the Government argues that Harper has not shown any defect in the state court's judgment that would render it void. The Government argues in the alternative that even if such a defect existed, "for criminal sentences imposed prior to July 11, 2006, in which the trial court failed to properly impose post-release control, trial courts shall conduct a *de novo* sentencing hearing." *State v. Singleton*, 920 N.E.2d 958 (Ohio 2009). The Government further explained that for criminal sentences imposed on or after July 11, 2006, in which a trial court failed to properly impose postrelease control, the re-sentencing process must comport with O.R.C. § 2929.191, as required by *Singleton*. That provision permits

> trial courts ... after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, [to] correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control.

*Id.*, at 963.

This resentencing process, however, does not apply to people who have already completed their state-court sentences. Barnes had completed his prison term more than two years before the Ohio Supreme Court rendered its decision, and the court discharged Barnes from having to serve any additional postrelease control. The court determined that "once an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control." *Barnes*, 909 N.E.2d at 1270 (citing

*Bezak*, 868 N.E.2d at ¶ 18; *Simpkins*, 884 N.E.2d 568, at syllabus). The court in *Barnes* stated that "a sentencing court must impose postrelease control before an offender completes the stated term of imprisonment." (*Id.*)

Defendant relies on *State v. Henderson*, 389 N.E.2d 494, 498 (Ohio 1979), which determined that "where an accused has entered a plea of guilty to a theft offense but has not been sentenced by the court on that charge, such offender has not been previously convicted of a theft offense within the meaning of [O.]R.C. 2913.02(B). To constitute a prior conviction for a theft offense, there must be a judgment of conviction as defined in Crim.R. 32(B)." Defendant further relies on *Hernandez v. Kelly*, 844 N.E.2d 301, 396 (Ohio 2006), in which Hernandez was not notified that he would be subject to postrelease control at his sentencing hearing. After his release from prison, Hernandez violated the terms of his postrelease control and was recommitted to prison. *Id.*, at 396. The court determined that,

> The Adult Parole Authority was not authorized to put Hernandez on postrelease control and sanction him for violating the terms of that control in the absence of appropriate notification of postrelease control by the trial court and incorporation of postrelease control in its sentencing entry. In that his journalized sentence has expired, Hernandez is entitled to the writ and release from prison and from further postrelease control.

Defendant's argument that his case is analogous to the above-cited cases is not well-taken. The fact that there was an error in his sentence does not render his prior conviction void. The *Barnes* decision merely discharges a defendant that has already served his jail time from any remaining postrelease controls. *Barnes*, 909 N.E.2d at 1270. Similarly, the Ohio Supreme Court in *State v. Bezak*, 868 N.E.2d 961 (Ohio 2007), addressed a situation where the defendant's sentence

- 4 -

was void because he was not advised of his postrelease controls, but he had already served his prison term. The court explained:

> in this case, Bezak has already served the prison term ordered by the trial court, and therefore he cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at Bezak's original sentencing hearing. In order that its record may be complete, the trial court is instructed to note on the record of Bezak's sentence that because he has completed his sentence, Bezak will not be subject to resentencing pursuant to our decision.

*Id.*, at 964. The court did not state that Bezak's conviction was erased from the record. Instead, the court required the record to state that Bezak could not be subject to re-sentencing. Similarly, in *Hernandez*, the court determined that Hernandez could not be subject to postrelease controls but did not determine that his conviction was void.

## B. Void Versus Voidable Judgments

The Sixth Circuit in *Watt v. United States*, 162 F. App'x 486, 503 (6th Cir. 2006), explained that when a sentence is "void *ab initio*," the judgment is "a nullity without legal effect. In *Watt*, 162 F. App'x at 503, the court found that defendant could bring a § 2255 motion to vacate because the federal court improperly considered illegal state court convictions during sentencing. In *Watt*, the state court conviction was illegal due to his plea agreement being conditioned on his state sentences being served concurrently with federal sentences, which violated Tennessee law. *Id.*, at 489. In other words, the Tennessee state court did not have jurisdiction to sentence Watt because his plea conditions were illegal.

This case is different than *Watt* because Harper's state sentence was voidable, not void. Further, Bezak's categorization of an improper sentence as "void" instead of "voidable" was implicitly overruled by *State v. Payne*, 873 N.E.2d 306, 311 (Ohio 2007) ("A void sentence is one

- 5 -

that a court imposes despite lacking subject-matter jurisdiction or the authority to act. ... Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously."). *See also State v. Casalicchio*, Sl. Cop., 2008 WL 660548, ¶ 25 (Ohio App. 8 Dist., Mar. 13, 2008) ("[T]he reasoning in *Bezak* was flawed, as it was in *Foster*, with respect to classifying a sentence as void. It is our view, that after *Payne*, the holding in *Bezak*, regarding the use of the word 'void,' is no longer correct. Payne makes it clear that the Ohio Supreme Court erred when it labeled a sentence 'void'-because the trial court had jurisdiction to impose the sentence. Therefore, the holding in *Bezak*, that a sentence that does not properly include postrelease control is 'void,' should actually be 'voidable.'"). *See generally Pratts v. Hurley*, 806 N.E.2d 992, 998 (Ohio 2004) ("[I]n the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss").

In *Payne*, the court discussed the repercussions of *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), which held that portions of O.R.C. § 2929.14 were unconstitutional. *Foster* determined that, "[b]ecause R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional." *Foster*, 845 N.E.2d at 494. *Foster* determined that sentencing pursuant to the unconstitutional provisions were "void." *Id.*, at 499. However, *Payne*, 873 N.E.2d at 312 construed the *Foster* decision to mean that certain sentences imposed prior to *Foster* were voidable.

In *Casalicchio*, the defendant relied on *Bezak* to argue that

> because his first sentence did not properly include postrelease control, it was void and therefore, a nullity. Casalicchio maintains that because his first sentence was a nullity, it was not until his second sentence was imposed, that

- 6 -

>> his conviction became "real" and "final," and his time to file a postconviction relief petition began to run. Thus, Casalicchio contends that his postconviction relief petition was timely.

*Casalicchio*, 2008 WL 660548, at *2. Relying on *Payne*, the court in *Casalicchio* determined that his first sentence that did not include postrelease control was voidable, not void, and therefore was not a nullity. *Casalicchio*, 2008 WL 660548, at *4.

Therefore, the court finds that the failure to articulate postrelease controls to a defendant at sentencing renders a sentence voidable, not void. The state court had jurisdiction to sentence Harper but rendered a erroneous sentence because it failed to properly articulate postrelease controls. This meets the exact definition of a voidable sentence. *Payne*, 873 N.E.2d 306, 311. Therefore, the court finds that Harper's state-court conviction was not rendered void by the fact that his postrelease controls were terminated pursuant to *Barnes*. His state-court conviction still stands, and therefore it can be used as a predicate offense.

### C. Evidentiary Hearing

The Government further argues that Harper is not entitled to an evidentiary hearing. The court notes that Harper never requested an evidentiary hearing in his Motion. In any event, the court finds that there is no reason to grant such a hearing as there are no contested issues of fact and the court needs no further argument on the legal issues.

### III. CONCLUSION

For the foregoing reasons, the court hereby denies Defendant's Motion to Strike Prior Conviction. (ECF No. 18.)

IT IS SO ORDERED.

- 7 -

                                        /s/ *SOLOMON OLIVER, JR.*
                                        CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

November 15, 2010